IVheeler, J.
The decisions in different Stiit.es are conflicting on the question whether, after indictment,found, the defendant can take advantage of the incom-peteucy of any part of the grand jury who found it. In Massachusetts and Mew York til© doctrine seems to he that; objections to the personal qualifications of grand jurors will not affect the validity of the indictment after it, lias been accepted and filed in court. (9 Mass. R., 107; 3 Wend. R., 314.) This, however, lias been doubted in Massachusetts. (2 Pick. R., 563.) The same rule appears to have been adopted in an early case in Alabama. (2 Port. R., 100.) But the question lias since been determined otherwise in that State, (5 Port. R., 484,) and in Virginia and Tennessee it is the settled law that if an indictment he found by a grand jury, one of whom is an alien or otherwise disqualified, the disqualification may be taken advantage of, and the indictment maybe avoided by plea in abatement. (2 Va. Cases, 20; 1 Grattan, 556; 7 Yerg. R., 271.) Such also is the English law. (2 Hale, 155; Bac. Abr., Juries, A; 1 Chit. Cr. L., 309.) It is true there is the statute of II I-Ienry 4, Ch. 9, which is referred to for the rule of the law upon this subject in England, but the statute is probably but declaratory of the common law. It was the right of the accused at the common law, and it is his right under the, constitution and laws of this State, to have the question of his guilt determined by the concurring decision of two competent juries before lie can lie condemned to punishment for any capital or infamous crime. The common and onr si atute law require the interposition of a competent grand jury hy way of presentment or indictment before the accused can lie required to answer to the charge of any offense above the grade of a common misdemeanor. But, this right’nmst be frequently denied him in practice unless lie may take advantage, of "the disqualification of a grand juror by pleading it to t.lie indictment. For it must frequently happen that persons aee.use.fi especially of minor offenses will not have been aware, that their conduct was the, subject of investigation by a grand jury until after the indictment lias been found. An incompetent or prejudiced jury may find an indictment against an innocent man who could have had no knowledge that lie was to be made, the, subject of their .animadversion. In such cases tile accused would have no opportunity afforded of objecting to incompetent jurors by challenge. It seems, therefore, tliat to insure to the accused the right intended to be secured to him by the law lie must be permitted to plead to the indictment the alienage or oilier disqualification of a grand juror.
But unless the want of qualification of the juror is; apparent upon the face of the indictment or upon the record it cannot be taken advantage of on motion to quash, but must be pleaded in abatement. And it is necessary that the plea should set forth sufficient to enable the court to give judgment upon it- on demurrer. (4 Leigh R., 667; 10 Yerg. R., 527.) It was an error iu the court. to entertain the question of the qualification of the jurors on a motion to quash tlie indictment, for which the judgment must bo reversed and the cause, remanded.
Reversed and remauded.