GARDNER, DEXTER & COMPANY, plaintiffs in error, *vs*. MOORE, TRIMBLE & COMPANY, defendants in error.

A mortgage of real estate attested by but one witness is not void, and, if a subsequent mortgagee or purchaser buys or takes his mortgage with actual notice of a prior mortgage, he takes subject to it, even though it have but one witness.

Mortgage. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1873.

This case arose upon a rule against the sheriff of Talbot county, at the instance of Moore, Trimble & Company, requiring him to show cause why he did not pay over to a mortgage execution in their favor, certain funds then in his hands, realized from the sale of the mortgaged property. Amongst other causes, the sheriff set up the fact that he had in his hands an execution based on a mortgage of older date on the same property, in favor of Gardner, Dexter & Company. It was replied that the mortgage of Gardner, Dexter & Company being on real estate was void, having but one witness.

Both mortgages were executed by William Ragland. That to Moore, Trimble & Company recited that the lands therein described were conveyed "with the following reservation and exception, that is to say, saving and excepting the interest previously conveyed by said Ragland to Jane E. Shaw and Gardner, Dexter & Company, by reason of two deeds of mortgage given said Jane E. Shaw to said lots to secure a note for $500 00, and to said Gardner, Dexter & Company, to secure a note to them of $526 92."

Jane E. Shaw seems to have taken no part in the contest. The court held the mortgage of Gardner, Dexter & Company to be invalid on account of its having but one witness, and excluded it from participation in the fund according to its priority. To which Gardner, Dexter & Company excepted.

MARION BETHUNE; M. H. BLANDFORD; WILLIS & WILLIS, for plaintiffs in error.

E. H. WORRILL; J. M. MATTHEWS, for defendants.

McCAY, Judge.

Section 1954 of the Code does say, "It (a mortgage of real estate) must be attested by two witnesses, and it *must be recorded,*" etc. But sections 1957 and 1959, part of the same chapter and the work of the same hand, contemplates that a mortgage not duly recorded, "or without *due attestation,*" may be good except as against *bona fide* purchasers without notice or subsequent liens not created by contract. And this was undoubtedly the law before the Code. In 17 *Georgia,* 295, this court held that a deed with but one witness was not void, notwithstanding the acts of 1760 and 1785 had said that all conveyances of land "shall" be by deed, attested by two witnesses. The word conveyance, in the act of 1760, and the word mortgage, in section 1954 of the Code, and perhaps, also, the word deed, in section 2690, Code, are to be taken to mean "a perfect deed," one proper to be recorded, and to be constructive notice to all the world when so recorded. The statute of frauds only requires contracts relating to land to be in writing, and our Code, (Irwin's,) section 1940, makes the same provision. Taking this in connection with the provision as to mortgages and deeds, it seems to us that the latter provisions only mean that a perfect deed—a perfect mortgage—one, the record of which conveys constructive notice, must be attested in a particular way, and be also recorded, etc. The Code is not to be construed as changing the old law, unless the change be very apparent, and it would be specially dangerous to take the definitions of the Code as absolutely accurate, and as excluding the common law definitions, unless it be plainly manifest that the intent was to make an exclusive and inclusive definition.

For these reasons we are constrained to reverse the judgment in this case. Moore, Trimble & Company took their mortgage with positive and detailed notice of the mortgage of the plaintiffs in error. Indeed, it is specially provided in

the mortgage of Moore, Trimble & Company that the interest they take is to be subservient to the mortgage of the plaintiffs, and much might be said against their right now to repudiate that priority of the plaintiff, even if his, the plaintiff's, mortgage were not good as a technical mortgage.

Judgment reversed.