Reich *vs.* The State of Georgia.

---

FREDERICK REICH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. A plea in abatement to an indictment, that the witnesses on which the indictment was found, were not sworn in open court, and that they did not take the proper oath, is not a good plea, especially if it is not stated what the names of the witnesses were, nor what oath was taken.

2. It is a good special plea to an indictment, if made on arraignment, that one of the grand jurors who found the indictment or special presentment, was an alien and not qualified to sit as a grand juryman.

3. The city council of Columbus has no jurisdiction to try one for a vio-

lation of the statute against keeping open a tippling house on the Sabbath day, and a conviction for such an offense before such city council, is no bar to an indictment in the superior court.

Criminal law. Indictment. Grand Jury. Witness. Aliens. Municipal corporations. Jurisdiction. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

Reich was presented for the offense of keeping open a tippling house on the Sabbath day. On arraignment he pleaded as follows:

1st. That on September 9th, 1873, he was taken before the mayor of the city of Columbus, charged with the same offense as is set out in the presentment, and convicted of the same; that said judgment remains in full force.

2d. That A. Cadman, one of the grand jurors who made the presentment, was not at that time a citizen of Georgia, but was then a subject of Great Britain.

3d. That the witnesses, upon whose testimony said presentment was found, were not sworn by or before the court; that if any oath was administered to them it was not an oath in these words: "The evidence you shall give the grand jury on this presentment, the state of Georgia against F. Reich, shall be the truth, the whole truth, and nothing but the truth, so help you God."

On demurrer, said pleas were stricken, and defendant excepted. He then pleaded guilty.

Error is assigned upon the above grounds of exception.

H. L. BENNING; M. H. BLANDFORD; C. R. RUSSELL, for plaintiff in error.

W. A. LITTLE, solicitor general, by PEABODY & BRANNON, for the state.

'McCAY, Judge.

1. These pleas as to the oath of the grand jurymen are entirely too uncertain. They do not say what witnesses they refer to, nor do they point out in what the oath was defective.

Reich *vs.* The State of Georgia.

Pleas ought always to present matter on which issue may be taken, and should contain such a statement as will notify to the opposite party what he has to meet.

2. We think the plea that one of the grand jurors was not a citizen, is a good plea. Section 3916 of the Code clearly contemplates that a grand juryman must be a citizen, and whilst the constitution does not, in terms, require it, and only uses the word "persons," yet there is nothing in this inconsistent with the Code; and this has long been the law of this state. It was also the common law: 1 Chitty C. L., 307; 5 Bacon Ab., 312; 1 Bishop Criminal Law, 795; 3d Coke Inst., 34; 9 Texas, 65; 5 Porter, Ala., 484. So, too, we think the objection may be taken by special plea. There are some authorities seemingly to the effect that the challenge must be to the jury before bill filed; but it seems to us that this is unreasonable. How is a defendant to know that this secret inquest is proceeding to find a bill against him? Whatever objections there may be to a grand juror that a party can make, ought (and this has always been the practice in this state,) to be made on the trial, and before pleading to the merits, and such, we think, was the practice in England: 1 Chitty C. Law, 307; Bacon Ab., Juries (*a*.) 727.

3. The power to punish for selling without license does not, in our judgment, include the power to punish for keeping open doors on Sunday. This may be committed though the offender have license, and the offense may be committed without any selling at all. The crime or misdemeanor consists in the offense the act gives to good citizens, and the breach of the quiet and orderly customs of the day. It is a special offense, under the Code, and the power to punish for it having been assumed by the state, it does not belong to the city. The trial for the offense before the city court was, therefore, illegal. The offense was a crime against the state, and not a mere breach of the city ordinances.

Judgment reversed on the ground as to the alien grand juryman.