ENGLISH, for use, *vs.* McELROY.

The deposit of deeds as collateral security for a debt, does not create such a lien on the land as can be foreclosed at law. A bill in equity will lie to complete the contract and subject the land.

| 62 | 413 |
| 88 | 191 |
| 62 | 413 |
| 102 | 364 |
| 62 | 413 |
| 106 | 439 |
| 62 | 413 |
| d111 | 729 |

Contracts.. Equity. Before Judge GRICE. Bibb Superior Court. April Adjourned Term, 1878.

Reported in the decision.

JOHN RUTHERFORD, for plaintiff in error, cited 2 Story's Eq., 1020, §§1026, 1030; Mylne & K., 417; 9 Ves., 117; 5 Wheaton, 284; Code, §3100; 15 *Ga.*, 466.; 1 Kelly, 404,. 405; Code, §2138; 38 *Ga.*, 402; Story on B., 286, 288.; 6 *Ga.*, 628; 17 *Ib.*, 177; 1 Story's Eq., 64 (g); 3 Atk., 687, 534; Code, §3122; 46 *Ga.*, 450; 11 *Ib.*, 159, 172; 30 *Ib.*, 191, 202; 16 *Ib.*, 49; 42 *Ib.*, 506; 28 *Ib.*, 74.

R. W. JEMISON & SON, for defendant, cited Code, §2138; . 3 Heisk., 362; 5 Sneed, 88 ; 4 *Ib.*, 465 ; 25 Miss., 58 ; 8 B. Monroe, 435, 437; 3 Penn. St., 234; 31 Vt., 501; Story's Eq. Jur., (5th Ed.), §§1020 and notes, 114, 120, and notes, 137, 138 : 20 *Ga.*, 242; 12 Peters, 55, 56; 47 *Ga.*, 500; Code, §§1954, 1961, 2690, 3083, 3121.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, alleging in substance that the defendant executed to. the complainant his three promissory notes for the aggregate sum of $3,644.00, for cash borrowed, in which it was recited after the words "for cash borrowed," the following words, "for which I have placed in his hands two deeds to one hundred acres of land, whereon I now reside, to hold as collateral security for the payment of the above note, the deeds to be returned to me when the note is paid." The prayer of the complainant's bill is, that the contract as set forth therein may be decreed to be a mortgage on the land described in the deeds deposited, and that the same-may be foreclosed as such ; but if that cannot be done, that the defendant be decreed to specifically execute his agreement with the complainant, that the land specified in the deeds deposited should be held and taken as security for the money

borrowed according to the true intent and meaning of the parties, that the land be sold and the proceeds thereof be applied to the payment of the money borrowed by the defendant from the complainant. At the trial term of the case, the defendant made a motion to dismiss the complainant's bill for want of equity, which motion the court sustained and the complainant excepted.

The land mentioned in the deeds deposited is fully described in the bill, and from the allegations contained therein, it was manifestly the intention of the parties to create a lien on the land specified in the deeds, to secure the payment of the money borrowed of the complainant by the defendant; but depositing the title deeds to the land with the complainant by the defendant, did not create such a lien, nor can the transaction between the parties be considered as having created a perfect statutory mortgage upon the land to secure the payment of the money borrowed. See 51 *Ga.*, 268. What then, in view of the allegations contained in the record, ought a court of equity to do? Obviously to consider that done which ought to have been done, and which the parties intended should be done, and that is to compel the defendant to specifically perform his agreement according to the true intent and meaning of the parties, and as *between themselves*, that the complainant should be decreed to have a lien upon the land as a security for the payment of the money borrowed, and that the same be enforced by a sale thereof under a decree of the court. Assuming the allegations in the complainant's bill to be true, the dismissal thereof for want of equity was error. Let the judgment of the court below be reversed.