THORNTON & MCMICHAEL and H. C. CAMERON, for plaintiff. W. A. LITTLE and L. F. GARRARD, for defendants.

---

## PEED v. MCCRARY.

1. According to *Speer* v. *Athens*, 85 *Ga.* 49, the question of the preliminary advertisement of a local bill is for determination by the General Assembly before passing the bill.

2. An act which does not purport to amend or repeal any particular law or section of the code, but which by its title undertakes in general terms "to amend the county court laws as regards Taylor county, and to provide for the appointment of a county solicitor for said county, and for other purposes," is not within the inhibitory words of the constitution declaring that "no law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

3. Under the title above recited, it was competent for the legislature in one and the same act to provide that the judge of the county court of Taylor county shall discharge all the duties that formerly devolved on the justices of the inferior court as to county business, and have the exclusive control and management of all public buildings and property belonging to the county; also that he might appoint one or more bailiffs to serve writs, precepts, warrants, executions, summonses, and all orders issued by the county court or the judge thereof; also that the governor, with the advice and consent of the senate, should appoint a county solicitor to represent the State in all cases in the county court, the act prescribing his duties, fixing his fees and providing for their payment. Inasmuch as all these provisions of the act are pertinent and appropriate to a scheme or system of county court law for Taylor county, there is but one subject-matter, and the title is comprehensive enough to embrace all the provisions of the act, and none of these provisions are different from or at variance with anything expressed in the title.

4. Although it may be true that the constitution, of its own vigor, does not confer power to borrow money by temporary loans to supply casual deficiencies of revenue, yet where the money of a lender has actually been applied to the legitimate uses of a county, that is, to objects to which county revenue may rightly be devoted, it is lawful to repay the loan out of the county treasury when funds for the purpose are on hand, with seven per cent. interest thereon. In this case no question as to the rate of interest was raised. *Judgment affirmed.*

April 16, 1894. Argued at the last term.

*Mandamus.* Before Judge BUTT. Taylor county. February 10, 1894.

By *mandamus* absolute the treasurer of Taylor county was required to pay to the plaintiff the amount of an order in his favor drawn on the treasurer by the county judge. It appears from the petition, which was sworn

to, that the grand jury, at the February term, 1893, of the superior court, recommended that the treasurer (who has been succeeded in office by the defendant) borrow $500 with which to defray the lawful expenses of the court, and at the same time the ordinary instructed said former treasurer to do so. At the August adjourned term the grand jury recommended that the amount due plaintiff be paid, with interest agreed upon. The $500 was loaned by plaintiff, the county at the time not having the money with which to defray the court expenses, nor until recently has it had the money to repay. On January 1, 1894, the judge of the county court drew his warrant on the treasurer, directing him to pay to plaintiff $548.65, that being the just sum of principal and interest due him. The treasurer refused to pay it. In his answer he says that his reason for so declining was, that the county judge had no authority to draw the warrant; that by act of the General Assembly approved December 20, 1886, the commissioners of roads and revenues were abolished, and all the powers and county matters of Taylor county were vested in and conferred upon the ordinary, who alone has authority to draw a warrant on the treasurer. He is informed that the county judge claims such power under act of the General Assembly, approved December 9, 1893; but respondent submits that that act is in conflict with the constitution and is null and void, it being a local statute, and the following being all the notice of it that was given or published: "Notice is hereby given that the next General Assembly of Georgia will be asked to pass the following act: 'An act to amend the county court laws as regards Taylor county, and to provide for the appointment of a county solicitor for said county, and for other purposes.'" This was published in the Butler Herald newspaper of Taylor county, for the first time on October 17, 1893, and the legislature convened on

October 4, 1893; and said act was not reported to the General Assembly by a committee as provided by section 7, article 3 and paragraph 15 of the constitution, and was not read and considered by a two thirds vote of the General Assembly. The county court of Taylor county was established in October, 1893, and the county judge commissioned on the 14th of that month. The answer further alleges, that while the ordinary may have instructed the former treasurer to borrow the $500 to defray lawful county expenses, there is no order or judgment of the ordinary on record, permitting or directing that this be done by the treasurer or any other person; and it is submitted that, had such order been made, it would have been illegal and void; for, while the constitution authorizes the General Assembly to confer the right and authority on the counties to borrow money, no act of the General Assembly has been passed putting said constitutional provision in force.

C. J. THORNTON, for plaintiff in error.

J. H. MARTIN, W. S. WALLACE and C. C. WEST, contra.