### McFARLIN v. THE STATE.

1. The act of 1903 (Acts 1903 p. 83) expressly declares that a grand juror who has served at one term is ineligible to serve as juror at the succeeding term; and such disqualification may be taken advantage of by challenge made, or plea in abatement filed, in due time.
2. In this case the plea complied with the requirements suggested in *Lascelles* v. *State*, 90 *Ga.* 372, and was not subject to demurrer.

Submitted October 19, — Decided November 10, — Rehearing denied December 9, 1904.

Indictment for unlawful sale of liquor. Before Judge Freeman. Coweta superior court. September 12, 1904.

*A. H. Freeman*, for plaintiff in error.
*H. A. Hall, solicitor-general*, contra.

LAMAR, J. McFarlin was indicted at the September term, 1904, of Coweta superior court. He filed a plea in abatement, on the ground that under the act approved August 15, 1903 (Acts 1903, p. 83), three of the grand jurors by whom the indictment

was returned were ineligible, because they had previously served as grand jurors at the March term, 1904, of Coweta superior court; that no warrant had been issued for his arrest; that no bond had been given by him to appear at court; that he had no notice or knowledge that the grand jury at the September term would attempt to indict or would indict him; that he had had no prior opportunity to challenge the ineligible grand jurors; and that his plea was filed at the first opportunity he had for making this objection. There is no written demurrer or traverse in the record. It is, however, recited that this "plea having been filed and argued, the same is hereby overruled."

We can not, of course, consider statements of what occurred at the hearing, made in the briefs of both counsel, but which are not included in the judge's certificate. No traverse having been filed, and the record failing to show that the case was submitted, as in *Wells* v. *State*, 118 *Ga.* 556 (7), to the judge without a jury, and it not appearing that the case was heard by him or the jury on evidence, we are forced to conclude that the plea was stricken, on motion, as being insufficient.

It is always necessary that challenges to jurors should be in due time, or else there will be a conclusive presumption that the want of qualification has been waived by all concerned. *Jordan* v. *State*, 119 *Ga.* 443. But here the plea avers that the defendant had no knowledge, or reason to believe, that any bill of indictment would be presented to the grand jury. It sets out facts excusing his non-action, and meets the requirements suggested in *Lascelles* v. *State*, 90 *Ga.* 372. The plea, therefore, was not filed too late. The three grand jurors were incompetent to serve at the September term, 1904, if in truth they had served at the March term, 1904. The plea was therefore good in substance, and, upon proof of the facts charged, the indictment should have been quashed or abated.

The language of the statute and the public policy to be subserved apply as well to grand as to petit jurors. It is intended as a relief, and to equalize jury duty. But it is also intended to prevent the same persons from constantly serving, whether they wish to or not. One grand jury may return no bill. Grand juries are charged with many important public duties. The same facts in both classes of subjects may come before the succeeding

body, and the public is entitled to a complete change of membership from term to term.　Such is the language of the law; and where the objection is seasonably made, advantage can be taken of the fact that the body has not been duly constituted.

*Judgment reversed.　All the Justices concur.*