NORRIS *v.* McDANIEL.

No. 17162. JULY 11, 1950. REHEARING DENIED JULY 24, 1950.

*Randall Evans Jr.*, for plaintiff.

*Thomas J. Espy Jr.*, and *Earl B. Self*, for defendant.

*W. A. Slaton, Earle Norman, Carroll D. Colley, Wilbur A. Orr Jr., Lawson E. Thompson, Clement E. Sutton, Osgood O. Williams, Homer Legg, Ben B. Ross, H. H. Hogan, Knox & Neal, Stevens & Stevens, T. Reuben Burnside, W. Tom Veazey, Joel H. Terrell, J. Cecil Davis*, and *Crawford L. Pilcher*, as amici curiae.

WYATT, J. ■ The first question presented is whether or not the act of the Georgia Legislature (Ga. L. 1927, p. 175), transferring McDuffie County from the Augusta Judicial Circuit to the Toombs Judicial Circuit is constitutional. It is contended, first, that this act is unconstitutional as being violative of art. 1, sec. 4, par. 1 (Code, § 2-401) for the reason that the act in question is a special law and attempts to deal with a question for which provision has been made by an existing general law.

In *Burge* v. *Mangum*, 134 *Ga.* 307 (67 S. E. 857), this court was dealing with the same question now under consideration with reference to an act of the legislature changing the time for holding the terms of court in one of the counties of a circuit. It was there said: "The superior courts are expressly named in the Constitution, and form a part of the judicial system for the whole State. Art. 6, sec. 1, par. 1 (Civil Code, § 5-831). This part of the Constitution makes no special mention of the superior court of any particular county, but contemplates broadly that in the judicial system of the State there shall be superior courts, which shall be held in each county. These courts are State institutions, and the law governing them is in no sense a special law. When the legislature deals with them in fixing the terms at which they are to be held in the several counties, it does so by general and not by special legislation." We must therefore hold that the act of the legislature here under attack was a general law. See also *Long* v. *State*, 160 *Ga.* 292 (127 S. E. 842).

It is further contended that the act of the legislature under consideration violated art. 3, sec. 7, par. 17 of the Constitution of Georgia, in that "said local and special law undertook to annul a general law without describing such general law in any way or manner and without even referring to the number of the Code section, or otherwise identifying same, and without setting forth the alteration to be made or the law to be amended, altered, and partly repealed." The caption of the act of 1927, supra, contains, among other things, the following language: "An act to rearrange the Augusta and the Toombs Judicial Circuits in the State of Georgia by taking from the Augusta Circuit the County of McDuffie and adding said county to the Toombs Circuit." So far as is pertinent here, the body of the act did just that, to wit, transferred McDuffie County from the Augusta Circuit to the Toombs Circuit.

In *Burge* v. *Mangum,* supra, this attack was also made on an act of the legislature changing the time for holding the terms of the Superior Court of Fulton County. This court there said: "The act in question does not purport to make mere reference to the title of another act, or to the number of a section of the Code, nor was the subject-matter of such character as to authorize a doubt as to what law was intended to be changed or of what the change consisted. There was no opportunity for mistake or oversight upon the part of the legislators as to the legislation which was to be voted upon. The existing law touching the terms of the Superior Court in Fulton county was known, and the substance of the act states the new law which was to be made. The act was not open to the criticism made upon it." See also *Peed* v. *McCrary,* 94 *Ga.* 487 (21 S. E. 232).

The act of the legislature now under consideration states in both the caption and the body of the act exactly what is being done, and the law, as we have held in the first division of this opinion, is a general law. No one could possibly have been misled. This contention is without merit.

■ It is next contended that, even if the act of 1927, supra, is constitutional, McDuffie County is in the Augusta Judicial Circuit, because in 1933, a Code Commission was provided to codify a new Code for Georgia, that the new Code thus codified was enacted into law in 1935, and that section 24-2501 of the Code thus enacted named McDuffie County as one of the counties composing the Augusta Circuit. This Code section simply lists in alphabetical order the various judicial circuits of the State and gives the counties composing the different circuits. A similiar section seems to have been contained in all the various Codes of Georgia which have been enacted into law by the legislature.

The adoption of Code, § 24-2501 came about in this way. In 1933 a Code Commission was authorized to prepare and present to the legislature a new Code for the State of Georgia. The Code thus prepared was adopted by the legislature in 1935 (Ga. L. 1935, p. 84; Code, § 102-101). There is no act of the legislature changing the act of 1927, supra, which placed McDuffie County in the Toombs Judicial Circuit, other than the adoption of the Code section above referred to. Clearly a Code Commis-

sion has no authority to legislate or enact law. Where, however, there is a change in the law by codification which is later adopted by the legislature, "it must be given effect, not because of any power of legislation vested in the codifiers, but because of the adoption statute." *Atlanta Coach Co.* v. *Simmons*, 184 *Ga.* 1 (190 S. E. 610.)

When there has been a change in the law by codification, later adopted by the legislature, and there is no statute authorizing the change other than the act of the legislature adopting the Code containing the change thus made, certain rules of construction have been laid down: "The Code is not to be construed as changing the old law unless the change be very apparent" (*Gardner, Dexter & Co.* v. *Moore, Trimble & Co.*, 51 *Ga.* 268), and ". . unless the intent to change be clear." *Phillips* v. *Solomon*, 42 *Ga.* 192. "It . . is incumbent on those who assert that they [codifiers] went beyond their commission . . to prove it." *Mechanics Bank* v. *Heard*, 37 *Ga.* 401.

In *Atlanta Coach Co.* v. *Simmons*, supra, this court, in discussing these rules of construction, said: "In any view of the matter it is left in doubt and uncertainty and this fact alone is a conclusive reply to the proposition that a change in the law was effectuated." Code, § 24-2501, the adoption of which it is contended had the effect of transferring McDuffie County from the Toombs Circuit to the Augusta Circuit, after listing McDuffie County as one of the counties composing the Augusta Circuit, contains in brackets at the end of this paragraph of the section the following language: "ACTS, 1870, p. 38; 1919, p. 110," which indicates that both the Code Commission and the legislature of 1935 simply overlooked the act of 1927, supra.

It is a matter of public record, recited in the order of the trial judge, and, in fact, here admitted, that McDuffie County has since 1935, a period of 15 years, continued to be considered by everyone concerned and dealt with as one of the counties of the Toombs Judicial Circuit. This situation, having continued uninterruptedly since the act of 1927, supra, we, therefore, under the rules of construction above cited, reach what seems to us to be the inescapable conclusion that the Code Commission of 1933 and the legislature of 1935 never intended to transfer McDuffie County from the Toombs Judicial Circuit to the Augusta

Judicial Circuit, and that the act of 1927, supra, was simply overlooked by both. In reaching this conclusion, we have, of course, applied Code § 102-102 (9): "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy. Grammatical errors shall not vitiate, and a transposition of words and clauses may be resorted to when the sentence or clause is without meaning as it stands." We therefore hold that McDuffie County is one of the counties composing the Toombs Judicial Circuit.

Ga. L. 1945, p. 921 was an act changing the time of holding the terms of court in Warren County. McDuffie County was not referred to in this act, although all the other counties in the Toombs Judicial Circuit were named. Ga. L. 1949, p. 266, an act to create a new judicial circuit, the Mountain Judicial Circuit, referred to McDuffie County as being in the Toombs Judicial Circuit. Ga. L. 1950, p. 23, an act to create a new judicial circuit, the Lookout Judicial Circuit, referred to McDuffie County as being in the Augusta Judicial Circuit. Since neither of the three above-named acts of the General Assembly purported to deal with the question of transferring any county from one circuit to another, they can not affect the question here under consideration, other than to strengthen the view that the legislature of 1935 simply overlooked the act of 1927, supra.

Since we have held the act of 1927, supra, to be constitutional, and McDuffie County to be a part of the Toombs Judicial Circuit, it becomes unnecessary to deal with the other questions raised.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Hawkins, J., who dissent. Atkinson, P. J., concurs specially. Head, J., concurs in the judgment only.*

DUCKWORTH, C. J., dissenting. Although fully realizing that a reversal would likely cause those having rights under judgments in that county to feel insecure and to wonder if such rights are impaired, and, also, being familiar with the authorities upon which the opinion is based, nevertheless, these undesirable consequences of a reversal are infinitely less important than the upholding and preservation of provisions of our official Code which was enacted into law by the legislature. To repudiate plain and

unambiguous provisions of that Code upon the sole ground that an act of the legislature which was approved eight years before the act adopting the Code, as is done here by the majority, destroys the reliability of the Code and causes laymen, lawyers, judges, and the Justices of this Court to hesitate to rely upon our Code for fear that there is some unknown act, antedating the Code, which conflicts with its provisions. This chaotic condition is created despite the uniform decisions to the effect that the action of the legislature in adopting the Code is the same as all other enactments, and, by it, the Code is enacted as one law; and the equally well-established rule that, when there is irreconcilable conflict in enactments, the latest act controls. Application of these rules demands a holding that the Code, enacted in 1935, controls over a conflicting act of 1927.

I am authorized by Mr. Justice Hawkins to state that he concurs in this dissent.

ATKINSON, Presiding Justice, concurring specially. I concur in the judgment, but do so under the doctrine of argumentum ab inconvenienti. *Solomon* v. *Commissioners of Cartersville*, 41 *Ga.* 157; *Gormley* v. *Taylor*, 44 *Ga.* 76; *Macon & Augusta R. Co.* v. *Little*, 45 *Ga.* 370; *Smith* v. *City Council of Augusta*, 203 *Ga.* 511 (3) (47 S. E. 2d, 582).