## 34059. BROWN v. THE STATE.

JORDAN, Justice.

Appellant was convicted of homicide by vehicle, sentenced to 5 years and appeals.

Briefly stated, the state's evidence shows that the appellant while driving under the influence attempted to pass another vehicle on a hill across a yellow line, collided with an oncoming car, causing injuries to Linda Jones from which she died.

1. The appellant contends that the court erred in overruling his plea in abatement which asserted that 20 of the 23 grand jurors who returned the indictment against him during the June Term were ineligible under Code § 59-114 to serve because they had served at the previous term of court, and that the statute creating the Griffin Judicial Circuit providing for "holdover" grand juries is a special Act in derogation of the general law and therefore unconstitutional.

There is no merit in this contention. This court has clearly held that a statute fixing terms and providing for grand juries in superior courts is a general law and as such can change or modify a previous general law. *Long v. State,* 160 Ga. 292 (127 SE 842) (1925); *Burge v. Mangum,* 134 Ga. 307 (67 SE 857) (1910); and *Norris v. McDaniel,* 207 Ga. 232, 234 (60 SE2d 329) (1950). *Tompkins v. State,* 138 Ga. 465 (75 SE 594) (1912), relied on by the appellant, was distinguished in *Long,* supra.

2. Appellant, an indigent, contends that the court erred in refusing his request that the opening statements and argument of counsel be recorded.

Code § 27-2401 mandates the transcription of the proceedings in all felonies *except the argument of counsel.* The three objections to the district attorney's argument were recorded, which the court overruled.

Appellant's equal protection argument was made in *Newell v. State,* 237 Ga. 488 (228 SE2d 873) (1976), and *Watts v. State,* 141 Ga. App. 127 (232 SE2d 590) (1977). The holding in both cases is to the effect that even if such argument had merit, there was no showing of harm. Reviewing the objections made to the argument in this case, we reach the same conclusion.

3. Appellant contends his character was placed in evidence contrary to law. On direct and cross examination the defendant stated that he was driving and drinking beer at the time of the collision. On cross examination he was then asked, "Do you usually drink and drive?", to which he replied "I have been caught for DUI." In response to a further question he explained that DUI means "driving under the influence."

The trial court denied a subsequent motion for mistrial, on the ground that the appellant voluntarily "put his character into evidence by that statement." We agree with this conclusion. See *Jackson v. State,* 231 Ga. 664 (203 SE2d 535) (1974) and *Scarver v. State,* 130 Ga. App. 297 (202 SE2d 850) (1973).

4. Appellant urges error in the refusal to grant two motions for mistrial based on objections to argument of the district attorney. A review of these objections viewed in the light of the entire trial shows no abuse of discretion by the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED
NOVEMBER 22, 1978.

*Seay, Sims & Park, Jack L. Park, Jr.,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., Assistant District Attorney,* for appellee.