## SMITH *et al. v.* MAYOR AND COUNCIL OF MACON.

1. The decision in the case of *Toney* v. *Macon*, 119 *Ga.* 83, upon review, is adhered to and approved.
2. That provision of the act of 1903 (Acts of 1903, p. 579), amending the charter of the City of Macon, which authorizes the city authorities to determine which of the existing roads and alleys in the territory annexed to the city by that act shall be declared to be public streets of the city, does not abridge the privileges and immunities of the citizens of the annexed territory, nor deprive them of property without due process of law, nor deny to them the equal protection of the law within the meaning of the fourteenth amendment to the constitution of the United States.
3. The act of 1903 (Acts of 1903, p. 579), amending the charter of the City of Macon, is not, for the reasons urged in the present case, subject to the objection that it contains, in the body of the same, matter variant from the title thereof.
4. The act above referred to is not unconstitutional for any reason urged against it in the present case.

Argued June 8,—Decided August 10, 1907.

Equitable petition.   Before Judge Felton. , Bibb superior court. November 30, 1906.

Smith, and more than fifty others, in behalf of themselves and others in a similar situation that might thereafter unite with them, brought an equitable petition against the Mayor and Council of .the City of Macon, alleging:   That they are residents and owners of real estate in the territory described in the act approved August 12, 1903 (Acts of 1903, p. 579), purporting to extend the limits of the City of Macon.   The city authorities of Macon have issued tax executions against plaintiffs, and are proceeding to enforce the same by levy and sale, claiming to. act under the authority of the act above referred to.   The act of 1903 is violative of that provision in the constitution of this State which declares:   "All government, of right, originates with the people, is founded upon their will only, and is instituted solely for the good of the whole.   Public officers are the trustees and servants of the people, and at all times amenable to them."   Civil Code, §5698. The act is also violative of that provision in the fourteenth amendment to the constitution of the United States, which declares: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."   Civil Code, §6030. The act conflicts with this provision, for the following reasons: (*a*) It places upon the annexed territory their proportionate part of the existing debt of the City of Macon, amounting to $900,000, when the residents thereof had no voice in the creation of the debt.   (*b*) It imposes upon residents of the annexed territory penalties for failure to make sewer connections, not imposed upon the other residents of the city.   (*c*) It discriminates against the residents of the new territory by annexing without a vote, as was allowed under the act of 1900 (Acts 1900, p. 336), when other territory was annexed.   (*d*) It discriminates against the residents of the annexed territory in the matter of the sale of liquor.   (*e*) It permits the city authorities to determine which of the existing streets and alleys shall be adopted and maintained as such, thus vesting the authorities of the city with the arbitrary power to refuse to maintain any street in the annexed territory.

The act also violates the constitution of this State, for the following reasons: (*a*) It contains matter in the body not referred to in the title, such matter being the authority to issue bonds to the constitutional limit without a vote. The title purports to amend the charter of the city, and the body does not refer to the charter, and does not purport to amend the same. The title purports to provide for the amendment or repeal of all existing laws for extension of the corporate limits, and there is in the body no repeal of any existing law on the subject. (*b*) The provision of the act in reference to the sale of liquor constitutes a surrender of the police power, and is also a special law, and there is an existing general law on the subject. (*c*) The act authorizes the city authorities to work the county chain-gang on the streets of the annexed territory, in violation of the act of November 27, 1901 (Acts 1901, p. 221). (*d*) The act does not allow a vote by the residents of the territory to be annexed, on the question of annexation, notwithstanding a provision to that effect in the act of 1900 (Acts 1900, p. 336). (*e*) The act provides penalties against residents of the annexed territory, not imposed on other residents of the city. The prayer was, for an injunction to restrain the sale of the property of the plaintiffs under the tax executions, for general relief, and process. In an amendment allowed on November 30, 1906, it is alleged that only one street in the annexed territory had been worked, graded, or improved since the act of 1903 was passed. This street is the main thoroughfare of the territory, upon which the residents are exclusively white persons. The plaintiffs are all negroes, and the streets upon which they reside have received no attention whatever. Since the petition was filed the property of plaintiffs has all been sold at the tax sales and bought in by the city. The prayer of the amendment is that the tax sales be set aside and the deeds thereunder canceled. There was also an amendment striking fifteen of the plaintiffs. The defendant filed a motion, in the nature of a general demurrer, to dismiss the petition, because it set forth no cause of action, and there was nothing therein alleged which entitled the plaintiffs to the relief prayed. The court sustained this motion, and the plaintiffs excepted.

*W. D. McNeil* and *J. E. Hall,* for plaintiffs.

*Minter Wimberly* and *Jesse Harris,* for defendant.

COBB, P. J.  (After stating the facts.)

1. Many of the questions involved in the present case were decided in the case of *Toney* v. *Macon,* 119 *Ga.* 83. We have been asked to overrule that decision, but must decline to do so. Nothing has been suggested which arouses any misgivings as to the soundness of the rulings therein made, and the decision is therefore adhered to and reaffirmed.

2. We will now deal with such questions in the present case as are not controlled by the rulings in the case above referred to. The second section of the act in question is as follows: "The Mayor and Council of the City of Macon shall have full power and authority, and are hereby vested with power and authority, to select, lay out, and name such of the roads and alleys in the territory hereinbefore set forth, to be adopted and known as streets and public alleys of the City of Macon. The Mayor and Council of the City of Macon shall not be liable in any amount for any failure to keep in repair any of the roads or alleys in said territory, unless the same shall have been first selected, named, and laid out as streets or alleys." Acts 1903, p. 581. This section simply confers upon the municipality the power, usually given to all municipalities, to determine what shall be its highways and thoroughfares. The General Assembly has the authority to establish and abolish highways, and it may delegate this authority to municipalities. *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399. This is all that has been attempted in the act now in question. When the city authorities select an existing road or alley in the annexed territory as a street of the city, it becomes thereby an established street of the city, and can not be thereafter vacated except in the manner prescribed by law. The effect of the act is really to authorize the city authorities to vacate such of the roads and alleys in the annexed territory as, in their discretion, they shall see proper not to select, lay out, and name as streets of the city. There can be no question as to the authority of the General Assembly to thus deal with its highways. If, however, any of the roads or alleys were established public highways at the date of the passage of the act, and the city authorities fail or refuse to select them as streets of the city, thus carrying into effect the power to vacate delegated to them, those whose property may be damaged by this act of the municipality may not be without a·

remedy. See, in this connection, *Marietta Chair Co. v. Henderson,* 121 *Ga.* 399-404. There is nothing in the act in question, in reference to the power given to the city authorities over the roads and alleys of the annexed territory, which violates the provisions of the fourteenth amendment to the constitution of the United States.

3. The title to the act of 1903 is in the following words: "An act to amend the charter of the City of Macon, providing for the extension of the corporate limits of said city, and also providing for amendment or repeal of all existing laws relating to the extension of the corporate limits of the City of Macon, and for other purposes." Acts 1903, p. 579. The body of the act does not, in terms, declare that it is an amendment to the charter, but the subject-matter is such that there can be no doubt that such was the legislative purpose. It deals with matter appropriate only to an amendment to the charter. It is, in substance, an amendment to the charter, and it is entirely immaterial that it is not so declared in terms. The act authorizes the city authorities to issue bonds for the purpose of establishing a system of sewers. There is nothing in the act to indicate that these bonds were to be issued in any other manner than that prescribed by the constitution and general laws of the State on the subject. If there is any ambiguity in the act on this subject the doubt will be resolved by according to the General Assembly the intention to follow the constitution. If the language, properly construed, shows a contrary intention, so much of the act as is subject to this criticism can be disregarded, and the remaining portions of the act will be upheld. The title is broad enough to embrace the provision in reference to the issue of bonds. It contains the words, "and for other purposes," and these words authorize any legislation germane to the general purpose of the act, which was to amend the charter of the city. *Mayor of Macon v. Hughes,* 110 *Ga.* 796. The act of 1900 (Acts of 1900, p. 336), amending the charter, was not a general law within the meaning of the constitution which would inhibit the General Assembly from thereafter enacting another amendment to the charter providing for the annexation of described territory, and, at the same time, keep in force the act of 1900 as authority for future annexation in the manner therein prescribed. The act of 1903 provided it should

not have the effect to repeal the act of 1900, except as to the territory embraced in the act of 1903. This was permissible legislation, and the title of the act was broad enough to cover it. The act distinctly stated that it was an act providing for the amendment or repeal of existing laws relating to the extension of the corporate limits. These words would authorize the legislation in section 5 of the act even if the words "and for other purposes" did not appear in the title. The act of 1900 is amended by the act of 1903, and also partially repealed. A partial repeal of an act in a subsequent act is an amendment of the act therein dealt with.

4. It is contended that the act of 1903 is invalid, for the reason that it authorizes the working of the county chain-gang on the roads in the annexed territory, in violation of the act of 1901 (Acts 1901, p. 221). In what respect it violates the act of 1901 is not pointed out, and we are at a loss to ascertain the point intended to be raised. This general attack raises no question for decision, and, in addition to this, nothing is said in the brief of counsel on the subject. Even if the pleadings had raised any question for decision, we would treat it as abandoned. The act of 1903 is not unconstitutional for any reason urged against it in the present case.

*Judgment affirmed. All the Justices concur.*