## BURGE v. MANGUM, sheriff.

1. The jurisdiction of the judges of the superior courts is coextensive with the limits of this State. While the judges of the superior courts of the Atlanta circuit are engaged in the trial of civil cases pending before the superior court of Fulton county, it is competent for judges of other circuits to preside in the superior court of Fulton county at the trial of criminal cases.

2. If it be conceded that the act approved August 18, 1905 (Acts 1905, p. 89), was a local bill, the question of preliminary advertisement of a local bill was for determination by the General Assembly before its passage.

3. The act mentioned in the preceding headnote, entitled, "An act to change the terms of Fulton superior court, to create new and additional terms therefor, and for other purposes," is a general law, and is not unconstitutional on the ground that it is a special law for which provision has been made by an existing general law.

4. An act which does not purport to amend or repeal any particular section of the code, but which by its title undertakes, in general terms, "to change the terms of Fulton superior court, to create new and additional terms therefor, and for other purposes," is not within the inhibitory words of the constitution declaring that "No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

5. While the constitution declares that the jurisdiction, powers, proceedings, and practice of all the courts (except city courts) of the same grade shall be uniform, and that the superior courts shall sit in each county not less than twice in each year, this does not prohibit the General Assembly from requiring the superior court in a designated county to hold six sessions each year, while in other counties less are held in the same time. The holding of a designated number of terms each year

does not involve the jurisdiction, powers, proceedings, or practice of the court, as those terms are used in the constitution.

6. The act of 1905, more particularly designated in the third headnote, is not violative of art. 3, sec. 7, par. 8, of the constitution (Civil Code, § 5771), which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

7. There was no error in denying the writ of habeas corpus.

APRIL 12, 1910.

Habeas corpus.    Before Judge Ellis.    Fulton superior court. January 8, 1910.

*Robert L. Rodgers,* for plaintiff.

*John C. Hart, attorney-general, C. D. Hill, solicitor-general, D. K. Johnston,* and *Aldine Chambers,* for defendant.

ATKINSON, J.    On June 21, during the May term, 1909, George Burge was convicted and sentenced in the superior court in Fulton county.    Judge S. P. Gilbert, of the Chattahoochee circuit, presided.    The sentence was not executed, and on November 30, 1909, Judge L. S. Roan, of the Stone Mountain circuit, presiding, the prisoner was resentenced.    While he was in the custody of the sheriff, and under sentence of the court, Mrs. Mary E. Burge, the mother of George Burge, instituted habeas-corpus proceedings for his discharge.    It was contended that his detention as a convict was illegal, because the court at which he was convicted was not in lawful session; and because the judge who presided at the trial, being judge of a different circuit, was not authorized to preside in the superior court in Fulton county, and for a similar reason that the judge who presided at the time the sentence was imposed was not authorized to preside in the superior court in Fulton county.    In support of the contention that the court was not in lawful session, the act of the General Assembly approved August 18, 1905 (Acts 1905, p. 89), entitled "An act to change the terms of Fulton superior court, to create new and additional terms therefor, and for other purposes," was assailed as being unconstitutional, on several grounds.    The case was tried, and the judge denied the prayer of the petition.    The applicant excepted to the judgment.

1. Complaint was made that neither Judge Gilbert nor Judge Roan was authorized to preside in the superior court in Fulton county, in the Atlanta circuit, at the time of the conviction and sentence of George Burge.    On the trial of the habeas-corpus pro-

ceeding the previous minutes of the court were introduced in evidence; and they failed to make reference to any reason why the judges above mentioned presided in the superior court in Fulton county, but showed that Judges Ellis and Pendleton, of the Atlanta circuit, which included the county of Fulton, were present and engaged in the trial of civil cases at the time of the trial and sentence of George Burge. The plaintiff in error cited Civil Code, § 4322, and insisted that its provisions were applicable to the case under consideration; and that under them, even if the judges of the other circuits were authorized to preside in Fulton county, it was essential that the minutes of the court should indicate the reason why they presided in the Atlanta circuit. The language of the code section above cited is: "The authority granted in the preceding section to each judge in his own circuit may be exercised by any judge of another circuit whenever the resident judge is absent from the circuit so that the business can not be done as speedily as necessary, or is indisposed or interested, or is laboring under any disqualification or inability to serve, or in case the circuit should be, from any cause, without a judge. The authority, when thus exercised, should show the grounds." The position of the plaintiff in error is not well-founded. By its express terms this section of the code refers to the exercise of authority by judges in other circuits in particular kinds of cases which are specified "in the preceding section" (§ 4321). The powers there dealt with relate to the right to grant writs of certiorari and injunctions, and to do certain other things that may be done in vacation, and do not include the power of the judge of one circuit to preside in the court of another circuit while in regular session. The concluding sentence of § 4322, above quoted, has no application to the case at bar. Article 6, section 3, paragraph 1, of the constitution (Civil Code, § 5839), declares: "There shall be a judge of the superior courts for each judicial circuit, whose term of office shall be four years, and until his successor is qualified. He may act in other circuits when authorized by law." The law makes provision for a judge to act in other circuits, by declaring: "The jurisdiction of the judges of the superior courts is coextensive with the limits of this State, but they are not compelled to alternate unless required by law." Civil Code, § 4316. These provisions of law are sufficient to authorize the judges of other circuits in this State to preside in the superior

court in Fulton county. Nor does it make any difference that while one of the judges was presiding at the trial of George Burge, and afterwards the other was presiding when he was sentenced, the judges of the Atlanta circuit were engaged in the trial of civil cases in the superior court of Fulton county. In this connection see *Bone* v. *State,* 86 *Ga.* 108 (12 S. E. 205); *Daniel* v. *Towers,* 79 *Ga.* 786 (7 S. E. 120).

2. The remaining questions depend upon the constitutionality of the act of 1905, to which reference has been made in the statement of facts. If that act is not subject to the grounds of attack made upon it, the court at which George Burge was convicted and sentenced must be held to have been in lawful session. The several grounds of attack will be dealt with. One ground of attack was that the act was a local and special law, and void, because by reference to the journals of the House and Senate of the General Assembly it does not appear that any evidence was introduced in the legislature that the title to the act had been published as required by art. 3, sec. 7, par. 16, of the constitution of this State (Civil Code, § 5778), and because no notice was in fact given. On this subject the evidence introduced at the trial was the journals of the House and Senate. Neither of them made any reference to the fact that notice of the character referred to had or had not been given. If it be conceded that this was a local bill, the question of preliminary advertisement of a local bill is for determination by the General Assembly before the passage of the bill. *Peed* v. *McCrary,* 94 *Ga.* 487 (21 S. E. 232).

3. Another ground of objection was that the act was violative of art. 1, sec. 4, par. 1, of the constitution (Civil Code, § 5732), which prohibits the enactment of a special law for which provision has been made by an existing general law. This objection was founded upon the proposition that the act was a special law. The superior courts are expressly named in the constitution, and form a part of the judicial system for the whole State. Art. 6, sec. 1, par. 1 (Civil Code, § 5831). This part of the constitution makes no special mention of the superior court of any particular county, but contemplates broadly that in the judicial system of the State there shall be superior courts, which shall be held in each county. These courts are State institutions, and the law governing them is in no sense a special law. When the legislature deals with them in fix-

ing the terms at which they are to be held in the several counties, it does so by general and not by special legislation.

4.   It is also declared that the act is unconstitutional, because it violates art. 3, sec. 7, par. 17, of the constitution (Civil Code, § 5779), which provides: "No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."   The act in question does not purport to make mere reference to the title of another act, or to the number of a section of the code, nor was the subject-matter of such character as to authorize a doubt as to what law was intended to be changed, or of what the change consisted.   There was no opportunity for mistake or oversight upon the part of the legislators as to the legislation which was to be voted upon.   The existing law touching the terms of the superior court in Fulton county was known, and the substance of the act states the new law which was to be made. The act was not open to the criticism made upon it.   *Peed* v. *Mc-Crary,* supra.

5.   A further attack was made upon the ground that the act was violative of art. 6, sec. 9, par. 1, of the constitution (Civil Code, § 5859), which declares: "The jurisdiction, powers, procedure, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as may be regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform.   This uniformity must be established by the General Assembly."   In support of this contention it was urged that the act has only a local application in the county of Fulton, and assumes to create terms of the superior court so as to provide for six terms of court in Fulton county, while other counties have a less number of terms.   It is also insisted that the effect of having six terms is to render it possible and practicable in Fulton county for a libelant in a divorce case to obtain a divorce in six months, while in other counties the law requires twelve months before a final decree can be rendered.   Also, because the act of 1905 renders it impossible to have the same practice and procedure in the foreclosure of mortgages as prevails in other counties, because in the superior court of Fulton county it is not practicable to give the same term of service by publication requiring

a defendant in a rule nisi to pay money into court, etc., because it can not be six months between terms, and the rule can not be served personally on the mortgagor, or his special agent or attorney, at least three months previous to the time at which the money is directed to be paid into court.    Other similar reasons are suggested why the act should be held violative of the provisions of the section of the constitution last above named; but with regard to the same provision of the constitution it has been expressly held: "The holding of a designated number of terms each year does not involve the jurisdiction, powers, proceedings, or practice of the court, as those terms are used in the constitution."    *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (5), (48 S. E. 437).

6.  Another ground of attack was that the act was void, because it contravened art. 3, sec. 7, par. 8, of the constitution (Civil Code, § 5771), which declares: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."    And that section three of the act, providing "That all laws and parts of laws in conflict with the provisions of this act be and the same are hereby repealed," violates art. 3, sec. 7, par. 7, of the constitution (Civil Code, § 5779), in that it fails to definitely designate the law to be repealed.    What we have said in the fourth division of the opinion sufficiently deals with the complaint referring to section three of the act.    The caption and body of the act refer to the same subject-matter, to wit: legislation fixing the times at which the superior courts shall convene in Fulton county.    The act was not open to the criticism that it contemplated more than one subject-matter.

7.  Upon a careful examination of the entire record, it does not appear that the judge committed error in refusing to discharge the prisoner.          *Judgment affirmed.    All the Justices concur.*