## PENDERGRASS v. DUKE.

The jurisdiction of the judges of the superior courts is coextensive with the limits of the State. If on account of sickness in the family of a judge he is prevented from holding one of the courts of his circuit, it is competent for a judge of the superior court of another circuit to preside in his stead in that court, without an order of the Governor.

MARCH 15, 1916.

Equitable petition. Before Judge Brand. Jackson superior court. February 3, 1915.

*Ray & Ray* and *P. Cooley,* for plaintiff.

*John J. & Roy M. Strickland* and *Mahaffey & Mahaffey,* for defendant.

EVANS, P. J. An equity cause was pending in the superior court of Jackson county. That county is included in the Western judicial circuit, over which the Honorable Charles H. Brand presides as judge. Judge Brand was prevented from holding the February term, 1912, of that court, on account of sickness in his family. The term of the court continued in session for two weeks. The Honorable J. B. Jones, of the Northeastern circuit, presided for the first week, and Honorable B. F. Walker, of the Toombs circuit, presided for the second week. The equity cause above referred to was tried at the end of the first week, and by consent the jury were allowed to disperse and return a verdict during the second week. The verdict was returned and recorded upon the minutes, and a decree duly entered thereon. The plaintiff filed her petition to set aside the verdict and judgment, on the ground that neither Judge Jones nor Judge Walker had any legal authority or jurisdiction to preside in that court, without first having been designated by the Governor of this State. The petition was dismissed on general demurrer.

The jurisdiction of the judges of the superior courts is coextensive with the limits of the State. If on account of sickness in the family of a judge he is prevented from holding one of the courts of his circuit, it is competent for a judge of the superior court of another circuit to preside in his stead in that court. Civil Code (1910), § 4851; *Burge* v. *Mangum,* 134 *Ga.* 307 (67 S. E. 857). It is not necessary, in order to confer authority upon a judge to preside under such circumstances, that he be designated by the Governor. The act of 1905 (Civil Code of 1910, § 4842) provides that whenever it shall be made satisfactorily to appear to

the Governor that any regular term of the superior court in any county will not be held, on account of certain contingencies therein named, it will be his duty to assign a judge of the superior court of some other circuit than the one in which such county may be located, to proceed to that county and hold the regular or adjourned term of that court. That section is cumulative, and not intended to supplant the other provisions made for holding court by a judge of another circuit under certain circumstances. There was no error in dismissing the petition.

*Judgment affirmed. All the Justices concur.*