## GEER *v.* BUSH.

1. The act approved August 9, 1915 (Georgia Laws 1915, p. 27), providing for the holding of four terms in each year of the superior court of Miller county, is not a special but a general law.
2. Even if section 4 of the act under review, providing that a defendant who desires to enter a plea of guilty may waive indictment by the grand jury, and that an accusation drawn by the solicitor-general "shall answer the purpose of an indictment," be invalid on the constitutional ground that it contains matter not indicated in the title of the act, that would not invalidate the entire act, as this provision can be segregated and eliminated without affecting the main legislative scheme

embodied in the act, the particular provision referred to not being an essential part thereof.

3. The evidence authorized the verdict.

APRIL 11, 1917.

Complaint. Before Judge Worrill. Miller superior court. March 1, 1916.

*W. I. Geer,* for plaintiff in error. *N. L. Stapleton,* contra.

BECK, J. J. S. Bush sued out a distress warrant against W. I. Geer, to which Geer interposed his counter-affidavit deposing that the sum distrained for was not due. The issue thus made came on for trial at the January term, 1916, of the superior court of Miller county. The defendant filed his objection to the trial of the case at that term of the court, and also filed his written challenge to the array of jurors impaneled and sworn. This objection and challenge were overruled, and he excepted He contends, that court was being held under an act to provide for the holding of four terms in each year of the superior court of Miller county, approved August 9, 1915 (Acts 1915, p. 27) ; and that this act is unconstitutional, and the court could not be legally held under the provisions thereof. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled.

1. The defendant contends that the act approved August 9, 1915 (Acts 1915, p. 27), which provides for the holding of four terms in each year of the Miller superior court is a local act, and that it is invalid in so far as it conflicts with § 823 of the Penal Code, which provides for the drawing, at the close of the term of the superior court, of the names of those who are to serve as grand jurors at the next term. This contention is based, of course, upon the assumption that the act of the legislature just referred to is a local law. But it is not a local law. That question is foreclosed by the decision in the case of *Burge* v. *Mangum,* 134 *Ga.* 307 (67 S. E. 857).

2, 3. The rulings made in headnotes 2 and 3 need not be elaborated.        *Judgment affirmed. All the Justices concur.*