### 10806.   WALKER *v.* THE STATE.

LUKE, J.   The jurisdiction of the judges of the superior courts is co-extensive with the limits of the State.  A superior-court judge may preside in any county of the State, upon the invitation of the judge of the superior court of the county.   Accordingly, where the judge of the superior courts of the Southern circuit was requested by one of the judges of· the superior court of Fulton county to preside in that court, a plea of guilty to an indictment therein, and the sentence upon the plea, will not be set aside and treated as a nullity on motion of the defendant, upon the ground that the invited judge was without authority of law to preside in that court, or that the court was being held contrary to law and without authority of law. See Park's Ann. Code, §§ 4866-69; *Bone* v. *State*, 86 *Ga.* 108 (2) (12 S. E. 205) ; *Burge* v. *Mangum*, 134 *Ga.* 307 (67 S. E. 857) ; *Pendergrass* v. *Duke*, 144 *Ga.* 839 (88 S. E. 198).  For no reason assigned was it error to overrule the motion.

> *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED DECEMBER 9, 1919.

Indictment for burglary; from Fulton superior court—Judge Humphries.   July 12, 1919.

Application for certiorari was denied by the Supreme Court.
*S. C. Crane, Claude D. Rowe,* for plaintiff in error.
*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

---

### 10809.   GARDNER *v.* COMMERCIAL CITY BANK.

BROYLES, C. J.   The motion for a new trial contained only the usual general grounds; there was an acute conflict in the evidence as to whether the defendant executed the note sued upon, but the finding of the jury that she did was authorized, and the court did not err in over-ruling the motion for a new trial.

> *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*
> DECIDED DECEMBER 9, 1919.

Complaint; from city court of Americus—Judge Harper. June 8, 1919.

*Shipp & Sheppard,* for plaintiff in error.
*Wallis & Fort,* contra.