McCALL *et al. v.* FREEMAN, mayor, etc., *et al.*

1. The act approved August 11, 1909 (Ga. Laws 1909, p. 1108), to extend the corporate limits of the Town of Martin, and for other purposes, is not void on the ground that it violates article 3, section 7, paragraph 17, of the constitution of the State of Georgia.
2. The court was authorized to hold that the school tax the enforcement of which was resisted by petitioners was not "illegal and void" upon the ground alleged, that the qualified voters of the Town of Martin had never given their assent to the levy of this tax, as required by the constitution and laws of the State of Georgia, and that consequently the municipal authorities of said town were without power and authority to levy a school tax.
3. Questions as to the validity of the laws involved and the validity of

the tax, which were not made under the pleadings or the evidence in the court below, will not be considered here..

No. 5466.  MARCH 5, 1927.

Petition for injunction.  Before Judge J. B. Jones.  Stephens superior court.  April 27, 1926.

J. T. McCall and John McCall brought their petition against the officers constituting the municipal government of the Town of Martin, alleging, that the General Assembly, by an act approved September 7, 1891, incorporated the Town of Martin (Acts 1890-1, vol. 2, p. 734), and in that act limited the territory included within the municipality; that by an act approved August 11, 1909 (Acts 1909, p. 1108), the corporate limits were extended; that by an act approved August 16, 1909, "an effort was made to establish a system of public schools for the Town of Martin, and to provide for the assessment and collection of a tax for the support of the same (Ga. L. 1909, p. 1103) ; that the County of Stephens was created in 1905 by legislative enactment, and the Town of Martin, which was wholly within Franklin County, was cut off into Stephens County, the corporate limits of the town on the south being fixed as the county line between Franklin and Stephens Counties; so that the Town of Martin has since been located in Stephens County, except as in the petition is made to appear; that petitioners are residents of Franklin County and own lands within the territory described in the act of August 11, 1909, supra; that the Town of Martin, through its mayor and council and town marshal, are threatening to issue executions for municipal and school taxes against petitioners for the years 1924 and 1925 (stating the amounts thereof) ; etc.  Petitioners contend that the act of August 11, 1909, extending the corporate limits of the Town of Martin, is unconstitutional and void, on the ground that it is violative of article 3, section 7, paragraph 17, of the constitution of the State of Georgia, in that said act is an effort to amend the charter of the Town of Martin without distinctly describing the law to be amended and without making reference to the original charter of the Town of Martin; that the act approved August 16, 1909, is unconstitutional and void, on the ground that it violates article 3, section 7, paragraph 17, of the State constitution, in that the act is an effort to amend the charter of the Town of Martin without distinctly describing the law to be amended and without making

reference to the original charter of the town; that by reason of the invalidity of these two acts, petitioners do not owe any taxes to the Town of Martin; and that by reason of the invalidity of the act of August 11, 1909, petitioners are not residents of the Town of Martin and are beyond the taxing power of the municipal authorities, and their property is not subject to the taxes either for governmental or school purposes. The school tax was assailed as illegal, upon the ground that the qualified voters of the Town of Martin had never given assent to the levy of this tax, as required by the constitution and laws of this State, etc. The prayers of the petition were for injunction against the issuance and enforcement of the executions.

The court refused an injunction, and the petitioners excepted.

*W. R. Little* and *George L. Goode,* for plaintiffs.

*Fermor Barrett,* for defendants.

ATKINSON, J. (After stating the foregoing facts.)

1. The title of the act of August 11, 1909 (Acts 1909, p. 1108), objected to on the ground that it violates article 3, section 7, paragraph 17, of our State constitution (Civil Code, § 6445), is "an act to extend the corporate limits of the Town of Martin, and for other purposes." In its first section the act provides, that, "from and after the passage of this act, the corporate limits of the Town of Martin be and the same are hereby extended so as to include the territory in the counties of Stephens and Franklin as described in the following boundaries" (setting forth a full description). The act in question is not violative of this paragraph of the constitution here quoted. In the case of *White* v. *Mayor &c. of Forsyth,* 138 *Ga.* 753, it was said: "Where by act of the legislature the corporate limits of Forsyth were so fixed as to include a circle with a radius of one half mile, and subsequently an act was passed, the title of which was 'An act to extend the corporate limits of the City of Forsyth one half mile in all directions in a straight line from the present limits of said city, and for other purposes,' and the body of the act declared that the corporate limits were extended 'one half mile in all directions from the present limits of said city, thereby enlarging the radius of said city to one mile in every direction from the center of the court-house of Monroe county, instead of one half mile as it now exists,' such act was not void as being in conflict with the clause of the constitution which

declares that 'No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made.' *Smith* v. *Mayor and Council of Macon,* 129 *Ga.* 227 (58 S. E. 713) ; *Burge* v. *Mangum,* 134 *Ga.* 307 (67 S. E. 857)." The act approved August 16, 1909 (Ga. L. 1909, p. 1103), "to authorize the establishment and maintenance of a system of public schools for the Town of Martin," was attacked upon the same ground; but this ground is abandoned in the brief of counsel for plaintiff in error.

2.   It is urged that the school tax, the enforcement of which petitioners seek to have enjoined, "is illegal and void, for the reason that assent to the levy of this tax has never been given by the qualified voters of the Town of Martin, as required by the constitution and laws of the State of Georgia, and that the municipal authorities of said town are without power and authority to levy a school tax or tax for educational purposes for said town, except upon the approval of two thirds of the qualified voters of said town in an election held for that purpose, and no such election has been held, and the purported act of 1909 (Ga. Laws 1909, p. 1103) does not provide for an election for such purpose." We are of the opinion, in view of the statement of facts agreed upon by both parties to this case, and in view of the provision for an election in section 2 of the act of August 16, 1909, that this contention can not be upheld. The agreed statement of facts contains the following, as appears from the bill of exceptions: "An election was held under the provisions of section 2 of the act approved August 16, 1909, and at said election more than two thirds of the qualified voters cast their ballots 'for public schools,' as provided in said act, Georgia Laws 1909, page 1103." Here is a distinct admission that an election was held in accordance with the provisions of the section last referred to of the act approved August 16, 1909, and that at this election more than two thirds of the qualified voters cast their ballots for public schools. Nor does the record sustain the allegation that "the purported act of 1909, Ga. Laws, page 1103, does not provide for an election for such purpose." By its express terms it does provide for an election to determine whether or not the act shall be adopted, and it provides that the question

to be determined at the election shall be submitted to the legally qualified voters of the Town of Martin; and in sections 10 and 12 of the act approved August 16, 1909, provisions are made for the levy and collection of a tax for educational purposes. We think, therefore, that the court properly held, under all the allegations in the petition and the evidence submitted, that the injunction sought should be refused. In the argument of counsel for the plaintiffs, submitted to this court, it is urged that a large part of the citizens of the Town of Martin were brought into the town by the act of August 11, 1909, and that "they were expressly prohibited from voting in the school election by the provisions of the act itself, and . . that the school act did not comply with the constitutional requirement that all the qualified voters resident of the Town of Martin be permitted to vote in said election;" and counsel for plaintiffs points out in his brief that the act approved August 16, 1909, called the school act, "in the second section thereof expressly disfranchised all of the citizens and qualified voters who were included in the territory added by the act approved August 11, 1909, as it appears from said section that the adoption of the act should be submitted to the legally qualified voters of the Town of Martin, which was to be determined by reference to the registration list for the year 1908;" and that "the original charter of the Town of Martin (Acts 1890-91, vol. 2, page 734) made no provision for the registration of voters;" that "there was no registration list for the Town of Martin, and it also appears that no provision was made for the qualified voters who resided in the added territory, and therefore whatever election was held was void, not having been submitted to all the qualified voters of said town, and the act itself making no provision for the determination of the question as to who were the qualified voters entitled to participate in such election." It is also urged that "the school act undertook to provide a system of public schools, and embraces twelve sections. Section 4 declares that the board of education of the town shall be a body corporate with the right to sue and be sued, and section 12 provides for the levy and collection of a tax not to exceed four tenths of one per cent., thus submitting two separate and distinct propositions to the voters of the town under the election held under the provisions of the act." To these two objections it must be replied that the point here raised in the argument of counsel as to the

failure of the law to provide for registration of voters residing in the territory added by the act extending the limits of the Town of Martin, and the other point that the two separate and distinct propositions were submitted at the election, were not raised, so far as appears from this record, before the court below. Neither of these grounds of attack was in the petition itself, nor under the evidence that was submitted; and the plaintiffs can not rely upon grounds of attack directed at the validity of the statute or the validity of the tax, where these grounds were not taken before the court below and a ruling thereon properly invoked. We therefore conclude that the judgment of the court below refusing the injunction should be affirmed.

*Judgment affirmed. All the Justices concur, except Hill, J., absent on account of illness.*