## FLUKER *v.* THE STATE.

No. 12497. JANUARY 11, 1939.

*R. G. Turner,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, E. J. Clower, E. G. Arnall,* and *E. A. Stephens,* contra.

REID, Chief Justice. 1. The defendant was convicted of murder. By reason of his prosecution of a writ of error to this court the date set for his death by electrocution passed; and after the remittitur of this court affirming the judgment of the trial court was sent down, a new date was fixed for the carrying out of the sentence of the court originally imposed upon him. The defendant made a motion to vacate this sentence on various grounds, and brings the present writ of error complaining of the overruling of the same. The order and sentence fixing a new date, referred to above, was signed: "James C. Davis, Judge Superior Court A. J. C." While this court will judicially recognize that James C. Davis is judge of the superior courts of the Stone Mountain Circuit, and not of the Atlanta Judicial Circuit (*Williams* v. *State,* 187 *Ga.* 415, 1 S. E. 2d, 27, and cit., this day decided), yet since "The jurisdiction of the judges of the superior courts is co-extensive with the limits of this State, and they may act in circuits other than their own when authorized by law" (Code, § 24-2613), and it appears from the certificate of the judge who overruled the motion to vacate the sentence that "James C. Davis was presiding upon the bench in Fulton superior court at the time of the said resentencing of O. V. Fluker on June 23, 1938," the passing and signing of the sentence by Judge Davis was valid (*Bone* v. *State,* 86 *Ga.* 108 (2), 12 S. E. 205; *Burge* v. *Mangum,* 134 *Ga.* 307, 67 S. E. 857; *Pendergrass* v. *Duke,* 144 *Ga.* 839, 88 S. E. 198; *Daniels* v. *Towers,* 79 *Ga.* 785 (2), 7 S. E. 120; *Walker* v. *State,* 24 *Ga. App.* 536, 101 S. E. 591), and the fact that he signed the same with the addition of the letters "A. J. C.," meaning the Atlanta Judicial Circuit, wherein he was at that time presiding, presents no reason why the sentence should be set aside.

2. The remaining grounds of the motion to set aside the sentence are fully covered by the rulings made in the cases of *Benton* v. *State*, 187 *Ga.* 149 (199 S. E. 749), and *Williams* v. *State*, supra. *Judgment affirmed. All the Justices concur.*