51900. JARNAGIN v. HARRIS.

CLARK, Judge.

In this appeal we must decide whether a county registrar is ineligible for election to a municipal office under the election laws of this state.

On December 7, 1974, appellant, L. L. Jarnagin, held the office of county registrar in Walker County. That same day, appellant was elected to a seat on the Rossville city council in a municipal election. Thereafter, appellee, Carl Harris, contested appellant's right to serve as a member of the City Council of Rossville. Following a hearing, the superior court judge ruled that appellant was ineligible to hold the office of city councilman because he was a county registrar at the time of his election. The court's ruling was based upon its interpretation of the Georgia Election Code and the Georgia Municipal Election Code. Appeal was taken to this court. *Held:*

An examination of our election laws reveals two statutory designs: one, the Georgia Election Code (Code §

34-101 et seq.) pertains to elections generally and the other, the Georgia Municipal Election Code (Code § 34A-101 et seq.), pertains solely to municipal elections. Inasmuch as these statutes limit an individual's right to hold office, they must be construed broadly in favor of those seeking office. *Gazan v. Heery,* 183 Ga. 30 (4) (187 SE 371). "[T]he right of a citizen to hold office is the general rule, ineligibility the exception; and therefore a citizen may not be deprived of this right without proof of some disqualification specifically declared by law." *Patten v. Miller,* 190 Ga. 123, 139 (8 SE2d 757).

With regard to elections generally, the Georgia Election Code provides, in part: "No person, while serving as a registrar or deputy registrar or within a period of six months after so serving, shall be eligible to any nomination or office to be voted for at a primary or election. . ." Code § 34-605. At first blush, this statute appears to prohibit a registrar from entering a municipal election. However, Code § 34-102 makes it clear that the Georgia Election Code does not apply to municipal elections. That section reads: "This Code shall apply to any general or special election in this State to fill any Federal, State or county office, and to any general or special primary to nominate candidates for any such office, and to any Federal, State or county election or primary for any other purpose whatsoever: Provided, however, it shall not apply to any municipal primary or election." Thus, the Georgia Election Code does not prohibit a registrar from entering a municipal election.

Moreover, a registrar of a county is not prohibited from seeking municipal office by the Georgia Municipal Election Code. That legislation provides: "No person, while serving as a registrar or deputy registrar or within a period of six months after serving, shall be eligible to any nomination or office to be voted for at a primary or election." However, the Act makes it clear that this restriction is applicable only to municipal registrars: "The word 'registrar' shall mean, unless otherwise clearly apparent from the context, the municipal registrar." Code § 34A-103 (z).

Although appellee has advanced forceful public policy arguments in support of the trial court's ruling, we

are bound by clear language of our election laws. Inasmuch as these laws do not specifically prohibit a county registrar from entering a municipal election, we hold that appellant was eligible to seek the office of city councilman.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED MARCH 19, 1976 — REHEARING DENIED APRIL 2, 1976 —

*William Ralph Hill, Jr.,* for appellant.
*H. H. Gearinger,* for appellee.