### 43880. HOWELL et al. v. TIDWELL.
(352 SE2d 372)

HUNT, Justice.

Plaintiffs, citizens of Bartow County, participated in a recall effort against County Commissioner Frank Moore. OCGA Ch. 21-4. When they submitted their petition to the Probate Judge, Norma Tidwell, for verification of the signatures, she disqualified 1950 of them. OCGA §§ 21-4-7; 21-4-10. As a result, the total number of verified signatures fell below the number necessary to require a recall election, and the plaintiffs filed this mandamus action to force the probate judge to verify the signatures properly.[1] OCGA § 21-4-17. The trial court dismissed the plaintiffs' petition for failure to state a claim. They appeal.

Judge Tidwell argues that the trial court properly dismissed the plaintiffs' petition because it was brought under OCGA § 21-2-521, a section on contesting results of primaries or elections. The plaintiffs contend that while they may have cited an inappropriate Code section,[2] the petition clearly states a claim under the Civil Practice Act. OCGA § 9-11-8. See *Dillingham v. Doctors Clinic, P. A.,* 236 Ga. 302 (223 SE2d 625) (1976).

We agree with plaintiffs that, notwithstanding the reference to OCGA § 21-2-521, and the inclusion of prayers for equitable relief, the complaint states a claim under OCGA § 21-4-17,[3] and its dismis-

---

[1] The plaintiffs allege misfeasance and malfeasance in, for example, discounting signatures, or even whole pages of signatures where only one was indecipherable, uncertifiable or invalid, not properly notarized, or signed on the same day the voter registered, or where the address or name varied from the voter registration form. She also eliminated some she claims were forgeries and others redundant. The plaintiffs also allege that the challenged county commissioner and his employees had been involved in verifying the signatures.

[2] While OCGA § 21-2-521 is cited as the basis for the action in the preamble to the complaint, the body of each of the two counts of the complaint contains numerous references to the Recall Act. In her motion, appellee argues that the plaintiffs' reference to the Code section dealing with election results was a clever ploy by plaintiffs' counsel calculated to have the case heard by a superior court judge from another circuit. The motion to dismiss was in fact heard by a visiting judge, but in view of our decision, any further proceedings may be handled by a judge of the local circuit.

[3] Paragraph 22: "Petitioners further show that although they recognized that the Election Supervisor is indeed vested with certain authority and some discretion in verifying the signatures in question, in this case, there has been such an arbitrary and capricious use and gross negligence and abuse of that authority and/or discretion as does, in effect, amount to the failure on the part of the Election Supervisor to perform the duties required of her by statute."

sal was error. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974).

*Judgment reversed. All the Justices concur, except Smith and Gregory, JJ., who dissent.*

DECIDED JANUARY 28, 1987 —
RECONSIDERATION DENIED FEBRUARY 12, 1987.

*William T. Elsey,* for appellants.
*David N. Vaughan, Jr., Velma C. Tilley, Davis & White, Jefferson L. David, Jr.,* for appellee.