45468. HOWELL et al. v. TIDWELL et al.

(368 SE2d 311)

MARSHALL, Chief Justice.

When the appellants submitted their petition for the recall of Bartow County Commissioner Frank Moore to Probate Judge Norma Tidwell, appellee, for verification of the signatures, she disqualified enough of them, under OCGA §§ 21-4-7 through 10, so that the total number of verified signatures fell below the number necessary to require a recall election. The appellants filed this action for the writ of mandamus against appellee Tidwell to force her to verify the signatures properly. This court reversed the judgment dismissing the appellants' petition, holding that, although it was erroneously brought under OCGA § 21-2-521, it stated a claim under § 21-4-17. *Howell v. Tidwell,* 256 Ga. 647 (352 SE2d 372) (1987). The appellants appeal the grant of summary judgments to appellees Tidwell and Moore. We affirm.

1. The record shows that at least 95 of the petitions in question, containing 1,077 signatures, had at least one instance each of two or more signatures which were signed by only one person. The statute governing recall elections does not permit one person to sign any but his or her own name except

[i]f an elector is incapable of signing his own name, he may specifically request the circulator of the petition to sign and print his name and complete the information required on the petition sheet to accompany the signature; provided, however, that the circulator shall also sign his name beside the printed name of such elector.

OCGA § 21-4-7 (c).

In no instance did a circulator sign his or her name beside the printed name of any such elector on any disallowed petition page. The appel-

lee probate judge disallowed each of these petition pages because of the multiple signatures of common authorship and the resultant false affidavit (OCGA § 21-4-7 (d)).

The affidavit printed on the reverse side of each recall petition form, which the circulator must execute, states, inter alia: "I do depose and say . . . that each petitioner signed or caused to be signed the foregoing petition in my presence . . . ." OCGA § 21-4-7 (e). The statutory requirements are plainly printed on each petition page directly below the affidavit of the circulator. If an elector signed his/her spouse's name on a petition, the circulator would know that the spouse had not signed in the circulator's presence, as required by § 21-4-7 (b), so the affidavit would be a knowing and deliberate falsehood.

The appellants argue that to disallow *all* of the signatures on a petition page just because *some* of them are invalid, is unconscionably harsh, in that it disallows valid signatures. However, the election superintendent has to rely on the affidavit, which is worthless once proven false, as here, which is worse than having *no* affidavit. Foreign cases hold that the courts take a strict approach when the probity of the process is involved, and that false swearing in an affidavit voids the whole page of signatures, even valid ones. See, e.g., *Citizens Comm. to Recall Rizzo v. Bd. of Elections &c.*, 367 A2d 232 (Pa. 1976); *Williams v. Butler*, 341 NE2d 394 (Ill. 1976).

The people's right to seek recall of its public officers is a substantial right not to be impeded on frivolous grounds; however, the integrity of the whole recall process has been called into question if names are counted on petitions verified by perjured affidavits, as here. Forgeries and false affidavits are not innocent technicalities. If these appellants are permitted a recall election based on these petitions containing these problems, we would be holding that the end justifies the means. If we in effect remove the requirement of an affidavit from the recall process, we will have repealed that portion of the law. Our entire system of government depends upon the integrity of the election process and the confidence that our citizens place in that process. If this court allowed these pages to be counted despite affidavits known to be false, that confidence in that process will be shattered.

2. The record also shows that some of the affidavits of the recall petition pages were notarized (required by OCGA § 21-4-7 (e)) by the appellants, who are notaries public. OCGA § 45-17-8 (c) provides:

A notary shall be disqualified from performing a notarial act in the following situations which impugn and compromise the notary's impartiality:

(1) When the notary is a signer of the document which is to be notarized; or

(2) When the notary is a party to the document or transaction for which the notarial act is required.

Having established themselves as active officers and spokespersons for the recall effort, the appellants became more than generally interested electors. *Rizzo*, supra. Hence, any pages with affidavits notarized by the appellants or either of them were properly disregarded.

*Judgment affirmed. All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

The majority opinion invalidates a recall proceeding on the basis of errors attributable, not to eligible voters who signed recall petitions, but to persons who circulated the petitions.

More than twenty years ago, Judge Eberhardt described the general principle that there is a distinction between the errors of officers conducting elections and errors of the voters themselves; in the former case, since the voter has no power over the officer, the officer's blunder will not disfranchise the voter — unless it is mandatory under the law, whereas the voter may *by his own neglect* disfranchise himself.

*Blackburn v. Hall*, 115 Ga. App. 235, 240 (154 SE2d 392) (1967). In the past, this court has taken equally as strong a stand against disfranchisement by reason of administrative error. In our case of *Malone v. Tison*, 248 Ga. 209 (282 SE2d 84) (1981), we acknowledged and extended the rule in *Blackburn*. "*Blackburn* involved irregularities in voting; here we deal with irregular registrations, and the law is, if anything, even clearer." 248 Ga. at 214.

The same reasoning would require, I suggest, that this valuable rule be extended to protect voters who properly and lawfully have signed recall petitions. Under any view of the evidence, there was a sufficiency of signatures that unquestionably were valid. Because a few *other* signatures failed to comply with the statutory procedure, we ought not to vitiate the entire recall election.

DECIDED MAY 26, 1988.

*William T. Elsey*, for appellants.
*David N. Vaughan, Jr., Velma C. Tilley, Jefferson L. Davis, Jr., G. Carey Nelson III*, for appellees.