45792. PARKER v. McCANTS et al.
45802. PARKER v. HAMMOCK et al.
(369 SE2d 481)

PER CURIAM.

Ronnie A. Parker, the Probate Judge and Election Superintendent of Taylor County, appealed the superior court judgment requiring him to validate petitions seeking a recall election for two county commissioners. He asserts several irregularities which he contends fatally infect the petitions: (1) in some instances the circulators signed as electors petitions which they were circulating; (2) two circulators signed the affidavit on petitions when neither of the circulators saw *all* of the electors sign; and (3) a notary public notarized the circulator's affidavit on a petition which the notary public had signed as an elector.

Upon review of the enumerations of error, the briefs, and the record, we find no reversible error. We reach this conclusion after considering the competing interests inherent in the recall procedure. OCGA § 21-4-1 et seq. The rationale for the statute is the insurance of governmental accountability. The technical requirements of the statute serve to protect not only the officeholder but also the public from the expense of repeated elections and the disadvantage of political and administrative disruption. We conclude that the alleged irregularities or technical violations in this case do not endanger the interest intended to be protected by the statute. For the reasons stated, we affirm the trial court.

The question of the constitutionality of the recall statute is not before the court in this case and cannot be now considered.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents, and Bell and Hunt, JJ., not participating.*

DECIDED JUNE 30, 1988.

*Frank J. Jordan,* for appellants.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs, Clay D. Land, Butler & McDonald, James E. Butler, Jr.,* for appellees.