### S94A1929. POPPELL v. LANIER et al.
(448 SE2d 194)

HUNSTEIN, Justice.

The nomination petition of Adam S. Poppell III seeking the office of State Representative of District 173 was submitted to the State Elections Division of the Office of the Secretary of State. The nomination petition contained 1,157 signatures; it is uncontroverted that the signatures of 815 registered voters of the 173rd House District were required to render the petition valid. See OCGA § 21-2-170. After completion of an examination of the petition, see OCGA § 21-2-171 (a) and (b), Poppell was notified that due to the rejection of certain pages of the petition, the requisite number of signatures had not been submitted and thus the petition had been deemed insufficient. Pursuant to the procedures set forth in OCGA § 21-2-171 (c), Poppell applied for a writ of mandamus in the Superior Court of Fulton County. Poppell appeals from the decision of the superior court. We affirm.

Relying on *Howell v. Tidwell,* 258 Ga. 246 (2) (368 SE2d 311) (1988), the superior court found that appellees properly disregarded most of the eighty-six-page nomination petition, primarily because the person who notarized the circulator's affidavit on sixty-four pages of the petition, Barbara Poppell, had circulated one page of the peti-

tion and signed the petition.[1] While Ms. Poppell's signature as an elector on one page of the petition did not fatally infect the pages on which she served as the notary of the circulator's affidavit, see *Parker v. McCants*, 258 Ga. 364 (369 SE2d 481) (1988), Ms. Poppell "became more than [a] generally interested elector[ ]," *Howell*, supra at 248, when she actively circulated a sheet of the nominating petition and obtained signatures of others interested in having appellant's name placed on the ballot. Ms. Poppell's participation as a circulator of the nomination petition was sufficient to disqualify her from performing a notarial act, see OCGA § 45-17-8 (c), and thus appellees properly disregarded the pages with affidavits Ms. Poppell notarized. *Howell,* supra.

*Judgment affirmed. All the Justices concur, except Hunt, C. J., and Sears-Collins, J., who dissent.*

SEARS-COLLINS, Justice, dissenting.

I disagree with the majority that OCGA § 45-17-8 (c) required the disqualification of all the sheets notarized by Ms. Poppell. Section 45-17-8 (c) provides that

[a] notary shall be disqualified from performing a notarial act in the following situations which impugn and compromise the notary's impartiality:

(1) When the notary is a signer of the document which is to be notarized; or

(2) When the notary is a party to the document or transaction for which the notarial act is required.

The majority concludes § 45-17-8 (c) disqualified Ms. Poppell from signing the affidavits of the circulators of the nominating petition. The plain language of § 45-17-8 (c) would prohibit Ms. Poppell from notarizing her affidavit for the sheet she circulated, as she would be the "signer of the document which is to be notarized," § 45-17-8 (c) (1), and as she would be "a party to the document," § 45-17-8 (c) (2).[2] However, the plain language would not preclude Ms. Poppell from notarizing the affidavits of the other circulators of the petition. Under § 45-17-8 (c) (1), the "document which is to be notarized" would be the affidavit of another circulator. As Ms. Poppell would not be a signer thereof, § 45-17-8 (c) (1) would not disqualify her from acting as a notary. Moreover, Ms. Poppell would not be disqualified

---

[1] The page Ms. Poppell circulated was the same page she signed as an elector. She did not notarize that page. Ms. Poppell is appellant's sister-in-law.

[2] As the majority opinion notes, Ms. Poppell did not notarize her affidavit for the sheet she circulated.

under § 45-17-8 (c) (2). "[T]he notarial act . . . required," § 45-17-8 (c) (2), was the notarizing of documents, that is, the other circulator's affidavits. Ms. Poppell simply was not a "party" to those documents and therefore was not disqualified under § 45-17-8 (c) (2).

Further, as the notary statute is being applied in the context of an election case, I believe that it should only be applied to disenfranchise the voters of the state and to preclude Adam Poppell from running for office if that result is mandated by the language of the statute. See *Duncan v. Poythress*, 657 F2d 691, 700 (5th Cir. 1981) ("[t]he right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government"); *Jarnagin v. Harris*, 138 Ga. App. 318 (226 SE2d 108) (1976) (election code must be construed most strongly in favor of those seeking office). As I have demonstrated above, the notary statute does not clearly mandate the conclusion that Adam Poppell may not run for office.

Finally, the case on which the majority relies to conclude that § 45-17-8 (c) disqualified Ms. Poppell, *Howell v. Tidwell*, 258 Ga. 246, 247-248 (368 SE2d 311) (1988), did not examine the language of § 45-17-8 (c), and instead appears to have relied on foreign authority. Therefore, to the extent that *Howell* is inconsistent with this dissent, I believe it should be overruled.

For the foregoing reasons, I dissent to the majority opinion. I am authorized to state that Chief Justice Hunt joins in this dissent.

DECIDED SEPTEMBER 22, 1994.

*Neil L. Heimanson, G. Robert Howard,* for appellant.
*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General,* for appellees.