S95A0910. HUNTER et al. v. GEORGE et al.
S95A0911. BAKER v. GEORGE et al.
(458 SE2d 830)

CARLEY, Justice.

Appellants in Case No. S95A0910 are voters (Voters) of Cave Spring, a city in Floyd County, and appellant in Case No. S95A0911 is the election superintendent (Superintendent) of that city. Appellees in both cases are four of the five councilmen (Councilmen) of Cave Spring.

Voters initiated a recall effort against Councilmen and submitted ostensibly completed recall petitions to Superintendent. After Superintendent certified the legal sufficiency of the Voters' recall petitions, Councilmen filed suit in the Superior Court of Floyd County. Alleging that the Voters and Superintendent had failed to comply with certain provisions of the Recall Act, OCGA § 21-4-1 et seq., Councilmen sought an interlocutory and permanent injunction against the scheduling of a recall election and, in addition, attorney fees. At the request of the Administrative Judge of the Sixth Judicial Administrative District, a judge of the Superior Court of Douglas County heard the case. After conducting a hearing, the trial court found that, as Councilmen alleged, there had been instances of non-compliance with the Recall Act and, based thereon, granted an interlocutory injunction enjoining Superintendent from scheduling the recall election. As to Voters, the trial court found that they could not be enjoined "because they were not election officials." However, the trial court also found that "the conduct of some or all" of the Voters had "brought about this result" and, on that basis, it denied a motion to dismiss Councilmen's claim for attorney fees against Voters.

Voters and Superintendent filed separate notices of appeal from

court erred in its instructions to the jury.

the trial court's order. There being an overlap of issues and enumerations of error, the two cases are consolidated for disposition on appeal.

1. Voters and Superintendent urge that, insofar as Councilmen had an adequate legal remedy under the Recall Act itself, it was error for the trial court to entertain Councilmen's suit for equitable relief. According to them, Councilmen's legal remedy was an action for mandamus as authorized by OCGA § 21-4-18 (a). That statute provides:

> If the election superintendent fails to comply with [the Recall Act], any elector may apply, within ten days after such refusal, to the superior court for a writ of mandamus to compel the election superintendent to perform his or her official duties.

This is not a case wherein an elector contends that there has been a refusal on the part of Superintendent to perform her official duties under the Recall Act. It is a case wherein Councilmen, as elected officials, contend that Superintendent's actual past performance of her official duties was in non-compliance with the Recall Act and that, as the result of that non-compliance, an unauthorized recall election will be scheduled. Mandamus is not a proper remedy to compel the undoing of acts which already have been completed. *Wilson v. Sanders*, 222 Ga. 681, 685 (2) (151 SE2d 703) (1966). Equity is, however, an available remedy to enjoin " 'an election which is really unauthorized by law. . . .' " *Committee For New Cobb County Revenue v. Brown*, 228 Ga. 364, 368 (1) (185 SE2d 534) (1971). It follows that, in this case, the trial court "properly assumed equity jurisdiction." *Committee For New Cobb County Revenue v. Brown*, supra at 368 (1).

2. Voters and Superintendent urge that it was error for a judge of the superior court of any county other than Floyd to hear this equity case.

It has long been the law of this state that "[a]ny judge of the superior court of the State is competent to preside on the trial of any case, civil or criminal, in the superior court of any county." *Daniels v. Towers*, 79 Ga. 785, 786 (2) (7 SE 120) (1887). See also *Burge v. Mangum*, 134 Ga. 307 (1) (67 SE 857) (1910). "A superior-court judge may preside in any county of the State, upon the invitation of the judge of the superior court of the county." *Walker v. State*, 24 Ga. App. 536 (101 SE 591) (1919). Jurisdiction and venue were proper in Floyd County and the superior court judge who heard this case did so as a superior court judge of that county. Accordingly, there was no error.

3. Voters urge that the interlocutory injunction was erroneously granted on the merits.

The trial court found that the ostensibly completed recall peti-

tions submitted to Superintendent by Voters did not comply with certain requirements of the Recall Act and there is no contention that the evidence did not authorize this finding. Instead, Voters contend that the trial court's finding relates only to "alleged irregularities or technical violations . . . [which] do not endanger the interest intended to be protected by the [recall] statute." *Parker v. McCants,* 258 Ga. 364 (369 SE2d 481) (1988). However, the irregularities and violations found by the trial court include "false certification" of the recall petitions by a notary public. "[F]alse affidavits are not innocent technicalities." *Howell v. Tidwell,* 258 Ga. 246, 247 (368 SE2d 311) (1988).

Moreover, the trial court's grant of an interlocutory injunction was not based entirely upon its finding of irregularities and violations of the Recall Act attributable to Voters. The trial court also found that, in the performance of her official duties, Superintendent herself had failed to comply with certain provisions of the Recall Act and there is no contention that the finding in this regard is erroneous. An election official's non-compliance with his or her official mandatory duties under applicable statutory provisions will serve to invalidate a scheduled election. *Committee For New Cobb County Revenue v. Brown,* supra at 368 (2).

"Generally, the trial court has broad discretion to decide whether to grant or deny an interlocutory injunction. [Cit.]" *Avnet, Inc. v. Wyle Laboratories,* 263 Ga. 615, 617 (1) (437 SE2d 302) (1993). We find no abuse of discretion in the trial court's grant of an interlocutory injunction enjoining Superintendent from scheduling a recall election.

4. Voters urge that it was error to deny their motion to dismiss Councilmen's claim against them for attorney fees.

The trial court held that Councilmen have no viable claim for injunctive relief against Voters. Councilmen have filed no cross-appeal attacking this holding and, indeed, there would appear to be nothing from which Voters could be enjoined. Voters purport to have completed their recall effort against Councilmen and Superintendent has certified the legal sufficiency of Voters' recall petitions. Under these circumstances, the only future act that could be enjoined would be Superintendent's act of scheduling a recall election in accordance with OCGA § 21-4-13. Councilmen may or may not have a viable legal claim against Voters based upon Voters' past recall efforts, but Councilmen have no viable claim for injunctive relief against Voters based upon those efforts. "The remedy by injunction is to prevent, prohibit or protect from future wrongs and does not afford a remedy for what is past. [Cits.]" *Moorhead v. Luther,* 219 Ga. 242, 244 (2) (132 SE2d 669) (1963).

Attorney fees are recoverable in equity cases. *Jones v. Spindel,*

239 Ga. 68, 72 (3) (235 SE2d 486) (1977). As is true in cases at law, however, "the correct principle is that plaintiffs must prevail on their basic cause of action in order to obtain litigation expenses. . . ." *Barnett v. Morrow*, 196 Ga. App. 201, 203 (396 SE2d 11) (1990). Since Councilmen did not prevail on their claim for injunctive relief against Voters, it follows that the trial court erred in denying the motion to dismiss Councilmen's claim against Voters for attorney fees.

5. In summary, the trial court correctly granted an interlocutory injunction enjoining Superintendent from scheduling a recall election, but erred in denying Voters' motion to dismiss Councilmen's claim for attorney fees.

*Judgment affirmed in part and reversed in part in Case No. S95A0910. Judgment affirmed in Case No. S95A0911. Benham, C. J., Fletcher, P. J., Sears, Hunstein and Thompson, JJ., concur.*

DECIDED JULY 14, 1995.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew,* for Hunter.

*Rogers, Magruder, Sumner & Brinson, Clay M. White,* for Baker.

*Jones, Byington, Durham & Payne, Frank H. Jones, Luther H. Beck, Jr.,* for George.