S95A1464. GEORGE et al. v. BAKER.
(463 SE2d 124)

FLETCHER, Presiding Justice.

Bobby George and three other members of the Cave Spring City Council sought to enjoin elections superintendent Shirley Baker from conducting a recall election because the recall petitions were filed within six months of previous recall petitions being found invalid.

---

The trial court denied the injunction. Because the Recall Act[1] does not restrict the filing of a new recall petition following a *judicial determination* of insufficiency, we affirm.

In 1994 voters in Cave Spring initiated a recall effort against George and three other members of Cave Spring's City Council. George filed an action in superior court to enjoin the recall effort. On December 8, 1994, the trial court found that the petitions failed to meet certain requirements of the Recall Act and that the elections superintendent failed to comply fully with her official duties.[2] While that case was on appeal, other voters filed new applications to initiate another recall drive against the same council members. On April 10, 1995, Baker issued the recall applications at issue here.

1. The council members contend that this recall effort should be enjoined because OCGA § 21-4-14 (b) prevents the issuance of any further application for recall against the same officer until at least six months have elapsed from the date of the finding of insufficiency of the prior petition. This argument ignores the plain language of § 21-4-14 (b). That section provides that "[i]f the election superintendent finds that a recall petition is insufficient" no further application for a recall petition shall be filed for six months. Thus, a judicial determination that the recall petition was issued in violation of the Recall Act is not a bar to a subsequent petition.[3] In this case, because a trial court and not the elections superintendent held that the initial recall petition was invalid, § 21-4-14 (b) is inapplicable. Distinguishing between insufficiency findings by an elections superintendent and by a court is not unreasonable or arbitrary. This may well reflect the legislature's determination that no time proscription on the filing of a subsequent petition is necessary because of the longer time frame inherently involved in receiving a judicial finding of insufficiency.

2. Additionally, the elections superintendent may only undertake a narrowly defined review of the petitions.[4] The trial court's invalidation of the first recall petitions was based upon findings of improper conduct that are beyond the scope of the statutory review the elections superintendent may take.[5]

For these reasons, the second petition was not subject to the time proscription in OCGA § 21-4-14 (b) and the trial court correctly de-

---

[1] OCGA § 21-4-1 et seq.

[2] See *Hunter v. George*, 265 Ga. 573 (458 SE2d 830) (1995) (affirming that portion of the trial court's order).

[3] See *Collins v. Morris*, 263 Ga. 734, 737 (438 SE2d 896) (1994) (following a *judicial* determination that a prior *application* was legally insufficient under OCGA § 21-4-6 "there is no statutory provision proscribing the filing of an additional *application*" ) (emphasis supplied).

[4] OCGA §§ 21-4-3 (7.1) and 21-4-11 (a).

[5] See *Hunter*, 265 Ga. at 574-575.

nied the injunction.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 13, 1995.

*Jones, Byington, Durham & Payne, Frank H. Jones,* for appellants.

*Meeks & Richardson, W. Gene Richardson,* for appellee.